**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIE VAUGHN-WALKER, L.P.N.,
Plaintiff-Appellant,

v.

JESSE BROWN, in his official capacity
as Secretary of the Department of
Veterans Affairs,
Defendant-Appellee.

No. 97-2395

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CA-96-120-4)

Submitted: August 11, 1998

Decided: September 1, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Luther Cornelius Edmonds, Virginia Beach, Virginia, for Appellant.
Anita K. Henry, Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marie Vaughn-Walker appeals the district court's grant of summary judgment to the Secretary of the Department of Veterans Affairs (the "Department"), in her suit filed pursuant to Title VII of the Civil Rights Act of 1964, as well as the district court's refusal to admit an affidavit offered on the morning of the summary judgment hearing. Because we hold that Vaughn-Walker failed to establish a "hostile work environment" sexual harassment claim, and that her proffer of the affidavit was untimely, we affirm the district court's determinations.

I.

At the times relevant to this suit, Vaughn-Walker was a licensed practical nurse stationed in the psychiatric ward at the Veterans Affairs Medical Center in Hampton, Virginia (the"Medical Center"). In May 1996, she filed a complaint under Title VII, alleging that John A. Carwile, a registered nurse on the same ward, had sexually harassed her. Specifically, Vaughn-Walker claimed that, on February 24, 1994, while she was leaning over to talk to a wheelchair bound patient at the Medical Center, Carwile "popped" her on the right buttock with a patient sign-out book.[1] At the time of this incident, Carwile was standing behind a Dutch door, the lower portion of which was closed. Vaughn-Walker states that she has been receiving medical treatment from a psychologist as a result of Carwile's action.

On March 3, 1994, Vaughn-Walker met with Carwile and asserted that the incident constituted sexual harassment. Six days later, Car-

_____

[1] In her complaint, Vaughn-Walker states that she was "popped" with an object. However, Carwile admits that he "tapped" Vaughn-Walker with a patient sign-out book.

2

wile reported the incident to Head Nurse Rose Taylor. Later that day, Taylor called Vaughn-Walker into her office to discuss the matter. According to Vaughn-Walker, Taylor was unsympathetic and defended Carwile's action. On March 14, 1994, Vaughn-Walker filed a complaint and spoke with the EEOC Chief Counselor, who told Vaughn-Walker that she was "wasting his time."

In May 1994, Vaughn-Walker's supervisor agreed to move her to another unit. However, Vaughn-Walker did not accept this transfer. Sometime in 1994, Vaughn-Walker requested that Carwile be moved to another unit. In 1995, Carwile was in fact moved to a different area. Despite Carwile's transfer, Vaughn-Walker asserts that her co-workers continued to "shun" her for mistreating Carwile. These co-workers even circulated a petition in his support.

In May 1997, the Department filed a motion for summary judgment. Thereafter, in July 1997, Vaughn-Walker submitted a second affidavit, which identified a preceding incident of alleged sexual harassment by Carwile. Vaughn-Walker stated that, on February 22, 1994, two days before the incident which formed the basis of her complaint, Carwile made extensive unsolicited comments on Vaughn-Walker's "sexy" appearance, and said she had big, beautiful legs.

In late July 1997, the district court held a hearing on the Department's motion. At the beginning of that hearing, Vaughn-Walker's counsel attempted to introduce into evidence the affidavit of an individual who allegedly witnessed the February 24, 1994, incident. The district court refused to admit the affidavit, and, after hearing argument on the Department's motion, determined that Vaughn-Walker had failed to establish a claim of sexual harassment. Therefore, the district court granted summary judgment in favor of the Department. This appeal followed.

II.

A.

We review the district court's granting of summary judgment <u>de novo</u>.[2] Summary judgment is appropriate when "the pleadings, depo-

_____

[2] <u>See United States v. Leak</u>, 123 F.3d 787, 791 (4th Cir. 1997) (citation omitted).

3

sitions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party."[4]

In order to establish a "hostile work environment" sexual harassment claim, an employee must prove that:

> (1) the subject conduct was unwelcome;

> (2) it was based on the sex of the plaintiff;

> (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and

> (4) it was imputable on some factual basis to the employer.[5]

Because we find that Vaughn-Walker has failed to satisfy the third of these requirements, we need not address the remaining elements.

Vaughn-Walker contends that because she receives treatment from a psychologist, Carwile's conduct was sufficiently severe and pervasive to alter the conditions of her employment and to create an abusive work environment. We disagree.

While alleged psychological harm is relevant to whether the employee actually found the work environment abusive, it is not the only factor to be considered in determining whether the conduct complained of altered the employee's conditions of employment and created an abusive or hostile work environment.[6] Rather, a determination of whether a party has established an abusive or hostile work environ-

_____

[3] Fed. R. Civ. P. 56(c).
[4] **Shaw v. Stroud**, 13 F.3d 791, 798 (4th Cir. 1994).
[5] **Spicer v. Virginia**, 66 F.3d 705, 710 (4th Cir. 1995) (citations omitted).
[6] **See Harris v. Forklift Sys., Inc.**, 510 U.S. 17, 23 (1993).

4

ment under Title VII "`can be determined only by looking at all the circumstances, [including] the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"**7** Thus, we address each factor in turn.

First, Carwile's acts of alleged harassment were isolated. At the time of the February 24, 1994, incident, Vaughn-Walker and Carwile had known each other for approximately twelve years and considered each other friends. Vaughn-Walker has made no claim that Carwile engaged in an "on-going" pattern of sexual harassment. Rather, until shortly before the summary judgment hearing, the only incident that formed the basis for her suit was Carwile's action on February 24, 1994.

Second, while Carwile's actions may have been improper, they were not sufficiently severe, physically threatening, or humiliating to establish a hostile or abusive work environment. As the Supreme Court has made clear, the conduct must be extreme enough to amount to a change in the terms and conditions of employment. Vaughn-Walker has offered no evidence of a change in the terms and conditions of her employment.

Finally, Vaughn-Walker has not demonstrated that Carwile's actions unreasonably interfered with her work performance. Once again, Vaughn-Walker's only contention is that she"found the environment at the Medical Center to be severe and abusive, as evidenced by [her] treatment by . . . her treating psychologist."**8** Standing alone, this is insufficient. Accordingly, we find that Vaughn-Walker failed to prove that Carwile's conduct was sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment, and therefore, affirm the district court's grant of summary judgment to the Department.

_____

**7** **Beardsley v. Webb**, 30 F.3d 524, 529 (4th Cir. 1994) (quoting Harris, 510 U.S. at 23).

**8** Appellant's Br. at 9.

5

B.

Vaughn-Walker further contends that the district court erred in refusing to admit an affidavit that she proffered on the morning of the summary judgment hearing. We disagree.

We have stated that Federal Rule of Civil Procedure 56

> prescribes specific procedures to be followed in submitting evidence for or against a summary judgment motion. These procedures help assure the fair and prompt disposition of cases. They ensure further that neither side in a dispute can unfairly surprise the other with evidence that the other has not had time to consider.[9]

Rule 56(c) provides that "[t]he adverse party prior to the day of hearing may serve opposing affidavits."[10] While district courts maintain the discretion to consider a late affidavit,[11] that discretion "should generally be used only if cause or excusable neglect has been shown by the party failing to comply with the time provisions."[12] Because Vaughn-Walker has not offered an excuse for the delay, we reject her argument that the district court erred by refusing to admit the affidavit in question.

III.

Based on the foregoing, we affirm both the district court's grant of summary judgment to the Department and its decision not to admit the affidavit Vaughn-Walker offered on the morning of the summary judgment hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[9] **Orsi v. Kirkwood**, 999 F.2d 86, 91 (4th Cir. 1993).
[10] See Fed. R. Civ. P. 56(c) (emphasis added).
[11] See Fed. R. Civ. P. 6(d) (stating that, in the discretion of the court, affidavits may be served "at some other time" than prior to the day of a hearing).

[12] **Orsi**, 999 F.2d at 91 (citations omitted).

6